UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COVENANT MEDIA OF ILLINOIS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 8130 |
| vs. | ) | |
| | ) | Judge Joan H. Lefkow |
| CITY OF DES PLAINES, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to Rules 59(e) and 60(b), Fed. R. Civ. P., Covenant Media of Illinois, L.L.C. ("Covenant") moves the court to reconsider its Memorandum Opinion and Order granting summary judgment in favor of the City of Des Plaines, Illinois ("the City"). For the reasons stated below, Covenant's motion is granted in part and denied in part.

**STANDARD**

A motion for reconsideration serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence, and whether to grant such a motion is within the discretion of the court. *Caisse Nationale Credit Agricole* v. *CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). The problems warranting such a grant are rare. *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). The motion, however, serves a valuable function where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee*, 906 F.2d at 1191 (7th Cir. 1990) (quotation omitted).

**DISCUSSION**

Covenant urges the court to reconsider two aspects of its grant of summary judgment in favor of the City: (1) Covenant contends that the court's conclusion that Covenant's application for a billboard at the 911 E. Touhy location would have been denied because it was located within 660 feet of an Interstate Highway in an area zoned for "single family residences" is based on a mistake of fact, because it is undisputed that the property at 911 E. Touhy was zoned "commercial" at the time Covenant submitted its application; and (2) Covenant contends that the court's conclusion that Covenant is not a prevailing party under 42 U.S.C. § 1988 and is thus not entitled to attorneys' fees and costs is contrary to established Seventh Circuit precedent.

The City agrees that the court misapprehended the facts when it found that the property at 911 E. Touhy was zoned for "single family residences" at the time Covenant submitted its applications. Nevertheless, the City argues that that mistake of fact is harmless because though the property was indeed zoned "commercial" at the time Covenant submitted its application, it was zoned for "single family residences" in 1959, which would have itself required the denial of Covenant's application.[1]

The City relies on the Federal Highway Beautification Act of 1965, 23 U.S.C. § 131, to support its contention that IDOT and, by extension, the City would have been precluded from granting a permit for the erection of a billboard at the 911 E. Touhy location. That statute

---

[1] In its response to the present motion, the City concedes that it only briefly discussed the 911 E. Touhy application in its motion for summary judgment. Seizing on that concession, Covenant objects to the City's extended discussion of that application and the grounds for its denial in response to Covenant's motion to reconsider, arguing that it constitutes new argument or evidence that should not be considered. While the City's discussion does indeed go beyond that presented in its motion for summary judgment, it does not add any new facts, evidence or legal theories; rather, it merely fleshes out the argument made in support of its motion for summary judgment regarding the 911 E. Touhy application. As such, it is properly considered at this time.

provided that if states did not adopt regulation for the "effective control of the erection and maintenance along the Interstate System and the primary system of outdoor advertising signs, displays, and devices," then those states would lose ten percent of their federal highway funds. 23 U.S.C. § 131(b).

Illinois acted to save its share of federal highway funds by enacting the Highway Advertising Control Act of 1971 ("the Illinois Act"), 225 Ill. Comp. Stat. 440 *et. seq*. The statute provides that no sign shall be "erected or maintained along primary or Interstate highways except those described in Sections 4.01 through 4.08." 225 Ill. Comp. Stat. 440/4 (1998). Relevant here, section 4.04 authorizes "[s]igns which are erected in business areas after the effective date of this Act and which comply, when erected, with Sections 5, 6 (subject to provisions of Section 7) and 8 of this Act." 225 Ill. Comp. Stat. 440/4.04 (1998). The Illinois Act defines "business area" as:

> [A]ny part of an area adjacent to and within 660 feet of the right-of-way which is at any time zoned for business, commercial or industrial activities under the authority of any law of this State; or not so zoned, but which constitutes an unzoned commercial or industrial area as defined in Section 3.11. **However, as to signs along Interstate highways, the term "business area" includes only areas which are within incorporated limits of any city, village or incorporated town, as such limits existed on September 21, 1959, and which are zoned for industrial or commercial use, or both, or to portions of Interstate highways which traverse other areas where the land use, as of September 21, 1959, was established by State law as industrial or commercial, or both.**

225 Ill. Comp. Stat. 440/3.12 (1998) (emphasis added).[2]

---

[2]The Illinois Act and the IDOT's implementing regulations do not explain the significance of September 21, 1959. As the City points out, though, it appears that its significance stems from the Federal-Aid Highway Act of 1958 ("Bonus Act"), which authorized bonus payments from the federal government of one-half of one percent of the highway construction costs to states that agreed to prohibit billboards within 660 feet of highways in areas not zoned either "industrial" or "commercial". If so, the Illinois Act's definition of "business areas" appears to be designed to comply with the terms of the state's

(continued...)

The Act provides that IDOT may establish regulations for the implementation and enforcement of the Illinois Act. 225 Ill. Comp. Stat. 440/14.01 (1998). Under these regulations, "business area" was further explained, providing, in relevant part, that:

> Areas which were zoned as of September 21, 1959 and were not specifically zoned for business, commercial or industrial use as of September 21, 1959 and were outside corporate limits on that date will not be considered business areas along Interstate highways.

92 Ill. Admin. Code § 522.20 (2000).

Based on these statutes and the IDOT's implementing regulations, it appears that Covenant would not have been able to obtain a permit for the 911 E. Touhy location, as the City's map of its zoning in 1959 indicates that in 1959 the 911 E. Touhy location was zoned for "single family residences" and was beyond the incorporated limits of the City. In light of those facts, the court can see no reason why the IDOT regulations would not require the denial of Covenant's application.

Nevertheless, Covenant persuasively demonstrates that a second map provided by the City, which shows the existing and proposed locations of billboards within the City as of October 2005, indicates that IDOT and the City have granted permits for several billboards within 660 feet of an interstate highway in locations that in 1959 were, like the 911 E. Touhy location, zoned for "single family residences" and beyond the City's limits.[3] There may be a reasonable explanation for this apparent incongruity, but none has been put before court.

---

[2](...continued)
agreement under that statute.

[3]The City's 1959 official zoning map does not clearly demarcate the City's limits. Nevertheless, since it is undisputed that the 911 E. Touhy is not within the City's limits, it is reasonable to assume that areas beyond 911 E. Touhy likewise fell outside of the City's limits.

Moreover, Covenant presents evidence indicating that the City previously issued a billboard permit for the 911 E. Touhy location to a different billboard company. Together, these facts are sufficient to create an issue of fact as to whether IDOT and the City would have denied Covenant a permit for a billboard on the 911 E. Touhy property.

Accordingly, the court's mistake of fact led it incorrectly to conclude in its Memorandum Opinion and Order granting summary judgment in favor of the City that Covenant's injuries as to the denial of its permit application for the 911 E. Touhy location were not redressible. That is not to say, though, that the standing issue has now been conclusively and finally determined. Since the Illinois Act and the IDOT's implementing regulations on their face appear to preclude the erection of the billboard at the subject location, the case must proceed to trial to determine whether Covenant can satisfy the redressibility element of the tripartite test for standing.

If it can, Covenant will have established that its constitutional rights were violated. Since the City's denial letters indicated that Covenant needed to go before the Plan Commission, the City clearly indicated that Covenant would have to participate in the discretionary approval process in order to obtain a permit. The Sign Ordinance's discretionary approval provisions were central to the court's earlier finding that the Sign Ordinance was unconstitutional. As such, the City's reliance on those provisions to deny Covenant's applications establishes a connection between Covenant's injury and the unconstitutional provisions of the Sign Ordinance sufficient to sustain Covenant's as-applied challenge to the Sign Ordinance.[4]

---

[4]In light of that ruling, the court need not consider Covenant's facial challenge on overbreadth grounds to the Sign Ordinance, as the favorable ruling on its as-applied challenge is sufficient to entitle it to the full measure of damages available to it. *See Lockridge* v. *Village of Alsip, Illinois*, 2005 WL

(continued...)

5

In its motion for summary judgment the City asked the court to reconsider its earlier ruling suggesting that the constitutionally infirm provisions of the Sign Ordinance were not severable. In granting the City summary judgment, the court heeded the City's request, finding that the City would have enacted the location restrictions that precluded the erection of 11 of 12 of Covenant's applications even without the constitutionally infirm provisions. In the present context, though, the issue of severability is moot because even if the discretionary approval process provisions were deemed severable, no other provision of the Sign Ordinance would have required the denial of Covenant's permit application. As such, Covenant would have been entitled to erect its proposed billboard, subject, of course, to its completion of the application process and compliance with the remaining requirements of the Sign Ordinance.

Clearly, Covenant never completed its application for a permit at the 911 E. Touhy location. While that fact was not sufficient to defeat Covenant's claim of standing, as there was evidence suggesting that it intended to complete the application and that the completion of permit applications often took place in stages, it is nevertheless relevant to the measure of its damages. Accordingly, the City would be entitled at trial to again attempt to establish that Covenant never in fact intended to complete the application and therefore, that its damages are limited, at most, to the cost of preparing its application.

Having found that Covenant must have an opportunity to establish at trial that a favorable decision would redress its injuries and thus that it has standing to bring an as-applied challenge to the Sign Ordinance, reconsideration at this time of Covenant's entitlement to attorneys' fees

---

[4](...continued)
946880 (N.D. Ill. Apr. 18, 2005).

and costs is premature. If Covenant establishes at trial that it has standing, it will succeed in establishing that its constitutional rights were violated when the City denied its application for a permit. If that happens, Covenant's status as a prevailing party will be beyond dispute. It would, therefore, be imprudent to resolve the contentious and, at this point, hypothetical issue as to whether Covenant should be entitled to recover attorneys' fees and costs in the absence of a success on some aspect of the merits of the case. Accordingly, the court denies without prejudice Covenant's motion for attorneys' fees and costs.

## ORDER

In light of the foregoing, Covenant's motion for reconsideration [# 123] is granted in part and denied in part. Covenant's motion is granted insofar as the court vacates its award of summary judgment in favor of the City with respect to Covenant's claims regarding its application for a billboard permit at 911 E. Touhy. Covenant's motion is denied insofar as its requests that the case immediately proceed to the issue of damages and for the court to reconsider its finding that Covenant is not entitled to attorneys' fees and costs. Covenant filed a separate motion for attorney's fees and costs [# 136]. In order to clear that motion from the court's docket, it is denied but with leave to refile, if appropriate, at the conclusion of trial. The parties

are directed to appear at a status hearing on August 21, 2007 at 10:00 a.m. to set a trial date and a schedule for the submission of pretrial materials.

ENTER: /s/ Joan N. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 26, 2007